**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Christopher Richard Street, | ) | No. CV-11-08009-PCT-NVW |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| State of Arizona, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

Pending before the Court is Petitioner's Application for Deferral or Waiver of Court Fees and Costs (Motion to Proceed In Forma Pauperis) (Doc. 3), which will be granted. The Court has concluded that Petitioner's Petition/Request for Writ of Mandamus (Doc. 1) should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, the Petition/Request for Writ of Mandamus (Doc. 1) will be dismissed with permission to file an amended complaint or petition by February 28, 2011.

**I.    Legal Standards**

    **A.    28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints").  "It is also clear that section 1915(e) not only permits, but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*

### B.    Rule 8, **Federal Rules of Civil Procedure**

A complaint must include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing entitlement to relief, and a demand for relief.  Fed. R. Civ. P. 8(a).   It must allege facts, which if true, would state a claim that is plausible—more than merely possible.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Further, each allegation must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

## II.    Analysis

The Petition/Request for Writ of Mandamus (Doc. 1) does not satisfy the federal pleading requirements.  Although the Petition states that this Court has subject matter jurisdiction under the All-Writs Act, 28 U.S.C. § 1651(a), that statute only authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions."  It does not provide an independent source of subject matter jurisdiction. The Petition must identify a federal statute that provides the Court with jurisdiction over this case.

Further, the Petition does not provide a "short and plain statement" of any claim. It requests production of "anything and everything" by the State of Arizona Navajo County Attorney's Office and the State of Arizona Department of Child Support Enforcement Division, Navajo County, pertaining to a particular case.  Even if the Court had jurisdiction to order county officers to produce documents, the Petition does not explain in clear and simple terms why it should do so.  If Petitioner is a party in a case in another court, he may be able to obtain the relief he seeks from that court.

1

**B.      Leave to Amend**

2        If a defective complaint can be cured, the plaintiff is entitled to amend the

3   complaint before the action is dismissed.  *See Lopez*, 203 F.3d at 1127-30.  Therefore,

4   Petitioner will be given an opportunity, if he so chooses, to amend his complaint to make

5   clear his allegations in short, plain statements with each claim for relief identified in

6   separate sections.  In the amended complaint, each claim of an alleged violation must be

7   set forth in a separate count and the factual allegations must be separately numbered.

8   Any amended complaint filed by Petitioner must conform to the requirements of Rule 8

9   of the Federal Rules of Civil Procedure.

10       Petitioner is warned that if he elects to file an amended complaint and if he fails to

11  comply with the Court's instructions explained in this order, the action may be dismissed

12  pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil

13  Procedure.  *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981)

14  (affirming dismissal of amended complaint that was "equally as verbose, confusing, and

15  conclusory as the initial complaint").

16       IT IS THEREFORE ORDERED that Plaintiff's Application for Deferral or Waiver

17  of Court Fees and Costs (Motion to Proceed In Forma Pauperis) (Doc. 3) is granted.  If

18  and when Plaintiff is given leave to serve an amended Complaint, Plaintiff shall be

19  responsible for service by waiver of the summons and complaint.

20        IT IS FURTHER ORDERED that  Petitioner's Petition/Request for Writ of

21  Mandamus (Doc. 1) is dismissed for failure to comply with Rule 8, with permission to file

22  an amended complaint by **February 28, 2011**.

23       IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended

24  complaint by **February 28, 2011**, the Clerk shall dismiss this action without further order

25  of this Court.

26

27

28

1

        IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint,

2

the complaint may not be served until and unless the Court screens the amended

3

complaint pursuant to 18 U.S.C. § 1915(e)(2).

4

        DATED this 20th day of January, 2011.

5

6

_____
                    Neil V. Wake

7

                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28